JOHN W. HUBER, United States Attorney (#7226)
SAM PEAD, Assistant United States Attorney (#11945)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:20mj276 PMW |
|---|---|
| Plaintiff, | COMPLAINT **SEALED** |
| vs. | Count I: 18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm and Ammunition |
| JUSTIN CUMMINS, | |
| Defendant. | Judge Paul M. Warner |

Before the Honorable Paul M. Warner, Chief United States Magistrate Court

Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

**COUNT I**
18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm and Ammunition)

On or about February 19, 2020, in the Central Division of the District of Utah,

JUSTIN CUMMINS,

Defendant herein, knowing he had been convicted of a crime punishable by imprisonment

for more than one year, did knowingly possess a firearm and ammunition, to wit: a Sig

1

Sauer P938 9mm handgun, and associated ammunition, and the firearm and ammunition were in and affecting interstate commerce; all in violation of 18 U.S.C. § 922(g)(1).

This complaint is made on the basis of investigation consisting of the following:

### Agent Background

1. I am a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January of 2017. I am assigned to the Salt Lake City Field Office, in the District of Utah. I am a Certified Police Officer in the State of Utah where I am employed by the Department of Corrections, Adult Probation and Parole, and have worked since March of 2001. I have received special training and experience as follows: I attended Utah Officer Standards and Training (P.O.S.T.) where I received instruction on basic criminal investigation. Upon completion of P.O.S.T., I worked at a Community Correctional Center where I maintained safety, security and surveillance over programs and activities, including supervision and monitoring of inmates.

2. During the assignment of agent, I have supervised both probation and parole caseloads, have gathered background information, interviewed offenders and collateral contacts, visited their residences, places of business, and employment, evaluated credibility of sources, circumstances, and other related factors; to make recommendations to the Court and Utah State Board of Pardons and Parole. As a supervision agent, I have routinely come in contact with admitted narcotics users and distributors. I have been able to have

conversations with narcotic users and have learned trends in regards to the use and sale of controlled substances.

3. From 2008 to 2013, I was assigned as a Task Force Officer (TFO) to the Joint Criminal Apprehension Team (JCAT). During that time as a TFO assigned to JCAT, I assisted in numerous apprehensions of violent offenders, conducted live surveillance, and was involved in numerous fugitive investigations in which the subject was located.

## Statement of Probable Cause

1. On February 19, 2020, several detectives were working a stolen property case near or at the Towne Storage located at 9345 South and 255 West in Sandy, Utah, (District of Utah). Officers setup an undercover buy with a suspect but did not know what vehicle this suspect would arrive in.

2. At approximately 2045 hours, a gold Suburban entered the Towne Storage. The plate returned to a Big Tex trailer. The plate also failed to display a month or year sticker. Law enforcement ran the plate a second time and confirmed it to be the license for a Big Tex trailer and not the Suburban to which it was affixed.

3. Based on these violations, law enforcement decided to perform a traffic stop on this vehicle.

4. A traffic stop of this gold colored Suburban was initiated and occurred just north of the storage complex. Officers made initial contact with the male driver who was later identified as Justin CUMMINS. When the traffic stop occurred, CUMMINS looked around the car as if to assess how many officers were near him. CUMMINS made furtive

movements and made law enforcement fear for their safety, so officer asked CUMMINS to place both hands outside the driver's window. CUMMINS hesitated and when he did put his hands outside the window, he was reticent to keep them there. The windows on the Suburban were dark and nearly impossible to see through. The contacting officer observed that CUMMINS was sweating from his forehead and appeared to be twitching. CUMMINS showed indications of methamphetamine use. CUMMINS was also continually glancing toward the center console of the vehicle. The officer asked who else was in the vehicle. CUMMINS stated there were two other females in the car, and said that one was sitting right behind him. Because the officer was unable to see an individual behind CUMMINS due to the darkness of the window tint, the officer tapped on the rear window and asked CUMMINS to roll the window down. CUMMINS told the officer it was, but it was not. CUMMINS seemed confused and appeared as if he was attempting to hide something. Law enforcement did observe the second female after this.

5. Due to the vehicle being fraudulently tagged with the wrong license plate, and signs of illicit substance use while driving along with his lack of understanding of what the officer needed him to do, CUMMINS was asked to step of out of vehicle with his hands high in the air. The officer reminded CUMMINS three times to keep his hands in the air as he stepped from the vehicle. It took CUMMINS a moment to make the decision to open the door and exit the vehicle. As CUMMINS exited the vehicle, he tucked his hands inside the door as it opened which heightened the officers concern for a possible weapon.

6. As CUMMINS stepped out of his car, the officer watched as CUMMINS dropped his hands to the lining of his coat and then to his waist band area. The officer moved in and assisted CUMMINS with raising his arms above his head again.

7. While law enforcement were speaking with CUMMINS and attempting to sort out the licensing issues a K-9 officer/handler (Dalton) arrived and deployed his PSD around the suburban, and the K-9 indicated that there were currently or recently controlled substances in the vehicle. The K-9 handler was called because one of the officers who had been speaking with one of the females stated that he could smell heroin. Law enforcement performed a search of the vehicle based on the fact that the canine indicated on CUMMINS vehicle.

8. During the search of the vehicle, law enforcement found a loaded Sig Sauer 938 (9mm) firearm (Serial # 52B041017) in the driver's side seat area between the seat and the center console. Detectives later ran the gun's serial number and description through law enforcement databases and learned that the gun had been stolen from a location in Sandy, Utah.

9. Law enforcement also found paraphernalia for both methamphetamine and heroin in CUMMINS' vehicle.

10. The firearm and associated ammunition found during the search were manufactured outside of the state of Utah, and would have had to travel through interstate commerce in order to be found in the State of Utah, and therefore, were in and affecting commerce.

11.     The Defendant has previously been convicted for a felony and was at this time on felony probation for a conviction for felony *Theft*.

Based on the foregoing information, your affiant respectfully requests that a warrant of arrest be issued for JUSTIN CUMMINS for violation of 18 U.S.C. § 922(g)(1).

/s/ Brittney McIntyre
Affiant,
ATF TFO Brittney McIntyre

SUBSCRIBED AND SWORN to before me this __2nd__ day of April, 2020.

Paul M. Warner
Chief United States Magistrate Court Judge

APPROVED:

JOHN W. HUBER
United States Attorney

SAM PEAD
Assistant United States Attorney